MIGUEL B. GOMEZ,

        Plaintiff,

  v.

CAROLYN W. COLVIN,

        Defendant.

Case No. 20-cv-300-pp

**ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES UNDER 42 U.S.C. §406(B)(1) (DKT. NO. 37)**

On June 1, 2022, the court reversed the decision of the Commissioner and ordered the case remanded for further proceedings under Sentence Four of 42 U.S.C. §405(g). Dkt. No. 28. Under the Equal Access to Justice Act, the parties stipulated to an award of attorney fees in the amount of $6,512, dkt. no. 35, which the court awarded on August 31, 2022, dkt. no. 36. After receiving a favorable decision from the Commissioner, the plaintiff filed a motion for attorney fees under 42 U.S.C. §406(b)(1). Dkt. No. 37. The plaintiff's attorney, Donald Chewning, seeks an award in the amount of $22,717.18. Id. The defendant neither supports nor opposes counsel's request for attorney's fees. Dkt. No. 38.

**I.    Legal Standard**

An attorney who succeeds in obtaining benefits for a Social Security claimant may recover fees under 42 U.S.C. §406. "'Section 406(a) governs fees

1

for representation in administrative proceedings before the Social Security Administration; § 406(b) controls fees for representation in federal court.'" Kopulos v. Barnhart, 318 F. Supp. 2d 657, 660 (N.D. Ill. 2004) (citing Gisbrecht v. Barnhart, 535 U.S. 789, 794 (2002)). The statute provides for a reasonable fee not to exceed 25% of the past-due benefits awarded to the claimant. Id. at 661. Such fees are deducted from the claimant's benefits and do not constitute an award against the government. Id.

The court must approve any fee under §406(b). Congress did not intend court review to override the claimant and counsel's fee arrangement, but to act as an "independent check" to ensure that the arrangement yielded a reasonable result. Gisbrecht, 535 U.S. at 807. Within the 25% boundary, the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered. Id. In making its determination, the court may consider the character of the representation and the results obtained, reducing the award if the attorney is responsible for delay in the proceeding that had the effect of inflating past-due benefits, or if the fee is so large in comparison to the amount of time the counsel spent on the case that the fee would constitute a windfall for the attorney. Id. at 808.

## II. Analysis

Attorney Chewning, who represented the plaintiff on review of the Commissioner's decision, states that the plaintiff received past-due benefits in the amount of $114,868.70. Dkt. No. 37 at ¶4. The agency withheld 25% of the past due benefits ($28,717.18) for the payment of attorney's fees. Id. at ¶5. The

2

plaintiff was represented at the first hearing by Attorney Katherin Lizdas, who is not seeking fees under the agreement. Id. at ¶6; Dkt. No. 37-1. On remand, the plaintiff was represented by Attorney Jason Oldenburg, who has requested approval from the ALJ for fees in the amount of $6,000. Id. at ¶7; Dkt. No. 37-3. Attorney Chewning filed a copy of his fee agreement with the plaintiff, which calls for a payment of 25%. Id. at ¶8; Dkt. No. 37-4. He does not seek the full 25%; he asks for the net amount after hearing counsel is paid. Id. Counsel represents that he performed 32.5 hours of work; he included an itemization to support his request of $22,717.18. Id. at ¶11; Dkt. No. 37-4.

Section 406(b) places two limitations on attorney fee awards: a cap of 25% and a reasonableness requirement. The award the plaintiff's counsel has requested satisfies the first of those limitations; it does not exceed the 25% cap. The overall rate of counsel's work was $698.99 per hour. The court finds that this rate is reasonable for the benefit provided to the plaintiff; it previously has permitted payments in excess of $1,000 per hour. Mentecki v. Colvin, Case No. 14-cv-1110-pp, 2019 WL 3323874, *2 (E.D. Wis. July 24, 2019) (citing Peterson v. Colvin, Case No. 12-cv-391 at Dkt. No. 32 (E.D. Wis. Sep. 3, 2015); Kolp v. Colvin, Case No. 12-cv-842, 2015 WL 4623645, at *2 (E.D. Wis. Aug. 3, 2015)). Counsel also obtained favorable results.

The second limitation applies where the plaintiff's attorney receives fees under both the EAJA and §406(b): the attorney must refund to the plaintiff the smaller fee. Gisbrecht, 535 U.S. at 796. Counsel has agreed to refund the

3

$6,512 previously awarded EAJA fees to the plaintiff. The Commissioner does not oppose the motion.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for attorney's fees under 42 U.S.C. §406(b)(1) and approves an award of $22,717.18. Dkt. No. 37.

The court **ORDERS** that upon receipt of the award, counsel must refund to the plaintiff the $6,512 fee previously awarded under the Equal Access to Justice Act.

Dated in Milwaukee, Wisconsin this 15th day of January, 2025.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**